UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL N. KELSEY,

                Plaintiff,

      -against-

BRITTNEY KESSEL, individually and in her
official capacity as Dutchess County Attorney;
"JOHN DOE" GARRITO, individually and in his
official capacity as Town Justice District of the
Town of Beekman,

               Defendants.

**ORDER TO AMEND**

22-CV-03774 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Michael Kelsey ("Plaintiff"), proceeding *pro se*, seeks a judgment under 28 U.S.C. § 2201 declaring unconstitutional the New York State statutory scheme under which a State court issued an order of protection against him. Plaintiff also seeks relief under 42 U.S.C. § 1983 ("§ 1983") for alleged violations of his constitutional rights. Plaintiff raises claims against Town of Beekman Court Justice John Garrito ("Garrito") and Dutchess County Assistant District Attorney Brittney Kessel ("Kessel"). By Order dated October 21, 2021, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this Order.

---

[1] Plaintiff filed this complaint in the United States District Court for the Northern District of New York, and on October 21, 2021, he was granted leave to proceed IFP. On May 9, 2021, that court transferred the matter here. *Kelsey v. Kessel*, No. 21-CV-911 (N.D.N.Y. May 9, 2022). The case was assigned to this Court on June 17, 2022.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). However, "an attorney, even one who has been disbarred, is not entitled to the 'special solicitude' afforded to *pro se* litigants in construing the allegations of [the] pleading." *Allegrino v. Ruskin*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-484-CV, 2021 WL 5500084 (2d Cir. Nov. 24, 2021). Plaintiff, a disbarred attorney, is not entitled to special solicitude in construing the allegations of the Amended Complaint. *See Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *3 (S.D.N.Y. June 10, 2022) (denying Plaintiff special solicitude and acknowledging his disbarment).

## ANALYSIS

### I.  Judicial Immunity

Plaintiff brings claims in this action against Garrito, a State court judge. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d

204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, § 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff does not allege that Garrito acted outside the scope of his judicial responsibilities or jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Garrito for "acts arising out of, or related to, individual cases before him," Garrito is immune from suit for such claims. *Bliven*, 579 F.3d at 210.

Accordingly, the Court dismisses those claims as frivolous and under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

II.  Prosecutorial Immunity

Kessel, the only remaining Defendant in this case, is an Assistant District Attorney. Prosecutors are immune from suit under § 1983 for damages in their individual capacities for acts

committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). Plaintiff's claims under § 1983 against Kessel arise from the prosecution of Plaintiff. The Court, therefore, dismisses Plaintiff's § 1983 claim brought against Kessel in her individual capacity as frivolous and under the doctrine of prosecutorial immunity. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute). The Court also dismisses, under the doctrine of Eleventh Amendment immunity, Plaintiff's claims that are brought against Kessel in her official capacity. *See* § 1915(e)(2)(B)(iii); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorney and Assistant District Attorneys under the Eleventh Amendment); *see also Ying Jin Gan*, 996 F.2d at 536 (in New York State, a District Attorney acts as a state official, not a municipal official, when he or she prosecutes).

However, Plaintiff may be entitled to press claims for prospective relief against Kessel under *Ex parte Young,* 209 U.S. 123 (1908). *See Gardner v. Hochul*, No. 21-CV-10185, 2021 WL 6064222, at *2 (S.D.N.Y. Dec. 21, 2021) ("[S]uits for prospective injunctive relief may proceed against state officers in their official capacities under the doctrine established by *Ex parte Young*."); *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001) ("[p]ersonal involvement of an official sued in his official capacity is not necessary where the plaintiff is seeking only

4

injunctive or declaratory relief under 42 U.S.C. § 1983."). In other words, Plaintiff arguably may maintain a claim against Kessel to the extent she is responsible for enforcing the State statutes which Plaintiff challenges as unconstitutional. *Sibley v. Watches*, 460 F. Supp. 3d 302, 322 (W.D.N.Y. 2020) ("Courts in this Circuit have held that district attorneys are proper defendants in suits challenging the constitutionality of state laws."); *Sullivan v. New York State Unified Ct. Sys*., No. 15-CV-04023, 2016 WL 3406124, at *7 (S.D.N.Y. June 17, 2016) ("[w]hile a state official's generalized duty to 'take care that the laws are faithfully executed' is insufficient to trigger *Ex parte Young* . . . the existence of some connection to *enforcement* of the specific law at issue [is sufficient]". (quoting *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999) (emphasis added))).

Accordingly, Plaintiff's claims under § 1983 against Kessel that arise from her prosecutorial actions are dismissed under the doctrines of prosecutorial and Eleventh Amendment immunity and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). Plaintiff's claims against Kessel for prospective, declaratory relief may proceed, as limited by the balance of this Order.

III.   Claims for Relief

Plaintiff styles his 64-page Amended Complaint as presenting eight "Question[s] . . . Seeking Declaratory Judgment," each of which contains substantive legal argument and citation to case law. Five pages of the Amended Complaint are devoted to argument about the applicability of the *Younger* abstention rule. Such an approach violates Federal Rule of Civil Procedure 8(a), which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's protracted "questions" and legal analyses fail to provide the Court with usable synopses of Plaintiff's claims and the relief he seeks; and fail to put Defendants on fair notice of Plaintiff's claims.

Separately, "the law does not recognize a declaratory judgment claim for relief." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *7 (S.D.N.Y. June 30, 2021). This is because "a declaratory judgment is a remedy, not a cause of action." *Abraham v. Town of Huntington*, No. 17-CV-03616, 2018 WL 2304779, at *14 (E.D.N.Y. May 21, 2018) (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)).

Thus, Plaintiff must state his claims for relief through allegations that are short, plain, simple, concise, and direct, each demonstrating that he is entitled to the relief sought (i.e., under § 1983 or otherwise), and then stating the remedy sought (i.e., declaratory judgment or otherwise). Fed. R. Civ. P. 8(a)(2)-(3).

## LEAVE TO AMEND

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). As such, and even though Plaintiff is not entitled to *pro se* special solicitude, the Court grants Plaintiff sixty (60) days' leave to further amend his Amended Complaint to detail his claims to the extent permitted by this Order.

Plaintiff is granted this leave to state proper claims for relief as described herein, and no others. Such claims for relief must state the legal mechanism entitling Plaintiff to relief as well as the remedy sought. Plaintiff may not, however, reallege claims against Garrito or seek monetary damages from Kessel. Because Plaintiff's Second Amended Complaint will completely replace,

not supplement, the Amended Complaint, any facts or claims that Plaintiff wants to include from the Amended Complaint must be repeated in the Second Amended Complaint.

## **CONCLUSION**

Plaintiff's claims against Garrito are dismissed under the doctrines of judicial and Eleventh Amendment immunity and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff's claims for money damages under § 1983 against Kessel that arise from her prosecutorial actions are dismissed under the doctrines of prosecutorial and Eleventh Amendment immunity and as frivolous. *Id*.

Plaintiff is, however, granted leave to file a Second Amended complaint against Kessel that complies with the standards and limitations set forth above. Plaintiff must submit the Second Amended Complaint to this Court's Pro Se Intake Unit within sixty days of the date of this Order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-04744 (PMH). An Amended Civil Rights Complaint form is attached to this Order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to: (i) terminate Garrito as a Defendant in this action; and (ii) mail a copy of this Order to Plaintiff.


**SO ORDERED:**

Dated:    White Plains, New York
          August 15, 2022

_____

PHILIP M. HALPERN
United States District Judge