UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL N. KELSEY,<br><br>         Plaintiff,<br><br>-against-<br><br>BRITTNEY KESSEL, individually and in her official capacity as Dutchess County Attorney; "JOHN DOE" GARRITO, individually and in his official capacity as Town Justice District of the Town of Beekman,<br><br>         Defendants. | **ORDER OF SERVICE**<br><br>22-CV-03774 (PMH) |

PHILIP M. HALPERN, United States District Judge:

  Michael Kelsey ("Plaintiff"), proceeding *pro se*, seeks a prospective declaratory relief under 28 U.S.C. § 2201, declaring unconstitutional the New York State statutory scheme under which a New York State court issued an order of protection against him. Plaintiff raises claims against Dutchess County Assistant District Attorney Brittney Kessel ("Defendant"). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, by Order dated October 21, 2021.[1]

  The Court, on August 15, 2022, dismissed Plaintiff's claims as raised against Town of Beekman Town Justice John Garrito ("Garrito") under the doctrines of judicial and Eleventh Amendment immunity, and as frivolous. (Doc. 21) The Court also dismissed Plaintiff's claims for money damages under § 1983 as against Defendant under the doctrines of prosecutorial and Eleventh Amendment immunity, and as frivolous. (*Id.*) Plaintiff was, however, granted leave to

---

[1] Plaintiff filed this complaint in the United States District Court for the Northern District of New York, and on October 21, 2021, he was granted leave to proceed IFP. That court transferred the matter here on May 9, 2021. *Kelsey v. Kessel*, No. 21-CV-911 (N.D.N.Y. May 9, 2022). The case was assigned to this Court on June 17, 2022.

file a Second Amended Complaint against Defendant in her official capacity as a state officer, only to the extent seeking prospective declaratory relief under *Ex parte Young,* 209 U.S. 123 (1908), and its progeny. (*Id.* at 4). Plaintiff, on October 6, 2022, filed a Second Amended Complaint. (Doc. 24, "SAC").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). However, "an attorney, even one who has been disbarred, is not entitled to the 'special solicitude' afforded to *pro se* litigants in construing the allegations of [the] pleading." *Allegrino v. Ruskin*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-484-CV, 2021 WL 5500084 (2d Cir. Nov. 24, 2021). Plaintiff, a disbarred attorney, is not entitled to special solicitude in construing the allegations of the Amended Complaint. *See Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *3 (S.D.N.Y. June 10, 2022) (denying Plaintiff special solicitude and acknowledging his disbarment).

## ANALYSIS

I.    Second Amended Complaint

Plaintiff's Second Amended Complaint complies with the Court's August 15, 2022 Order in that it drops claims against Garrito and seeks prospective declaratory relief.² The Second Amended Complaint meet a minimum merits threshold and is hereby deemed the operative complaint in this matter.

II.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.³ *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Dutchess County Attorney Brittney Kessel through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

---

² Plaintiff does reference § 1983 in the Second Amended Complaint but does not explicitly seek money damages. To be sure, for the reasons stated in the Court's August 15, 2022 Order, to the extent Plaintiff intends to raise any claims against Defendant under § 1983 for money damages, those claims are dismissed. (*See* Doc. 21 at 4 ("Plaintiff's § 1983 claim brought against Kessel in her individual capacity [is] frivolous . . . under the doctrine of prosecutorial immunity.")); *see also Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (Prosecutors are immune from suit under § 1983 for damages in their individual capacities for acts that are "intimately associated with the judicial phase of the criminal process.").

³ Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's Second Amended Complaint at Doc. 24 is deemed the operative complaint in this matter.

The Clerk of Court is instructed to issue a summons for Brittney Kessel, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail an information package with a copy of this Order to Plaintiff.

                    **SO ORDERED:**

Dated:   White Plains, New York
         November 30, 2022

                                      PHILIP M. HALPERN
                                      United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Brittney Kessel
Assistant District Attorney, Dutchess County
236 Main Street
Poughkeepsie, N.Y. 12601