UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                          Plaintiff,

              -against-

BRITTNEY KESSEL,

                          Defendant.

**OPINION AND ORDER**

22-CV-03774 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael N. Kelsey ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights. (Doc. 24, "SAC"). Plaintiff originally commenced this action on August 13, 2021 in the United States District Court for the Northern District of New York against Brittney Kessel ("Defendant") and Judge Garrito, challenging the constitutionality of certain state criminal statutes. (Doc. 1). On April 11, 2022, the case was transferred to the Southern District of New York, after Plaintiff filed an amended complaint (Doc. 12) and advised that he did not intend to file a second amended complaint (*see* Doc. 17, Doc. 18, Doc. 19).

On August 15, 2022, this Court screened the Amended Complaint and issued an Order to Amend. (Doc. 21, "Prior Order"). Plaintiff's claims against Judge Garrito were dismissed, as were the claims against Defendant Kessel to the extent Plaintiff sought damages against her in her official capacity; and those brought against her in her individual capacity for acts committed within the scope of her official duties as a prosecutor. (*Id*. at 4, 7). The Prior Order acknowledged that Plaintiff could arguably maintain a claim against Defendant "to the extent she is responsible for enforcing the State statutes which Plaintiff challenges as unconstitutional" (*id*.

1

at 5); specified the sole means permissible for Plaintiff to amend his pleading (*id*. at 4-6); and permitted Plaintiff to file a second amended complaint in compliance therewith (*id*. at 6-7).

Plaintiff filed the Second Amended Complaint on October 6, 2022. He presses five claims for relief against Defendant, seeking, *inter alia*, "nullification" on various grounds of an Order of Protection issued against him in 2016 (Doc. 40-2, "2016 OOP"), "invalidation" of the statute upon which the 2016 OOP was issued, and injunctive relief seeking to enjoin future arrests and prosecutions for any further violations of the 2016 OOP. (SAC ¶¶ 119-133).

Before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 8(a), 12(b)(6), and 12(c).[1] (Doc. 39; Doc. 40; Doc. 41, "Def. Br."). Plaintiff opposed (Doc. 47, 48, "Pl. Opp."), and Defendant's motion was fully briefed with the filing of a reply memorandum of law. (Doc. 44).

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that the 2016 OOP was issued against him naming Lenore Duwe as a protected party pursuant to New York Criminal Procedure Law § 530.13 (SAC ¶ 19). The 2016 OOP was issued following Plaintiff's conviction for Sexual Abuse 1st; Attempted Sexual Abuse

---

[1] The basis for that branch of Defendant's motion under Rule 12(c) is unclear to the Court, as no answer has been filed in this action, and there is no discussion of that branch in Defendant's briefing. A Rule 12(c) motion is an inappropriate vehicle until "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Accordingly, the branch of Defendant's motion made pursuant to Rule 12(c) is denied.

1st; Forcible Touching; and two counts of Endangering the Welfare of a Child.[2] (*See* 2016 OOP). The 2016 OOP requires Plaintiff to "stay away" from both Ms. Duwe and her child, J.D.; and/or from the home, school, business or place of employment of Ms. Duwe and J.D. (*Id.*). Plaintiff was ordered to "[r]efrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with J.D. and Lenore Duwe directly, indirectly or through any third person." (*Id.*). The 2016 OOP was to remain in effect until May 11, 2036. (*Id.*).

Plaintiff attempted to effectuate service of process upon Ms. Duwe in two separate lawsuits: one in March, 2020, when he mailed her a complaint alleging defamation and intentional infliction of emotional distress; and one in June, 2020, when he mailed her a summons and complaint alleging fraud and fraudulent concealment.[3] (SAC ¶¶ 20, 22). Plaintiff alleges that a state police investigator filed an Accusatory Instrument on June 29, 2020 charging plaintiff with violating New York State Penal Law for "sending paperwork to a protected person." (*Id.* ¶ 25). An arrest warrant was issued on July 15, 2020. (*Id.* ¶ 26).

Plaintiff alleges that he was damaged as a result of Defendant's "enforcement of statutes despite clearly defined statutory requirements mandating procedural due process standards prior

---

[2] Although Plaintiff refers to the 2016 OOP as an exhibit to the Second Amended Complaint, it is not attached thereto. The 2016 OOP was only submitted as an exhibit to the original complaint; and Defendant proffered a copy of it on this motion. "[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken . . . ." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger,* No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) (explaining that a court may consider "statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit"); *see also Perry v. Mary Ann Liebert, Inc.*, No. 17-CV-05600, 2018 WL 2561029, at *4 (S.D.N.Y. June 4, 2018) (considering exhibit annexed to earlier complaint in evaluating plausibility of claims), *aff'd*, 765 F. App'x 470 (2d Cir. 2019).

[3] Plaintiff also subsequently brought an action in this Court in 2021 against Ms. Duwe and three New York State Police Investigators. *See Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436 (S.D.N.Y. June 10, 2022).

to prosecution and the issuance of an arrest warrant." (*Id*. ¶ 27). He alleges that the prosecution constituted a seizure under the Fourth Amendment; and that he has been "injured" because this arrest and prosecution generates a criminal record, is subject to review by the Bar Association during his application for re-admission, required him to expend resources to file a lawsuit, and is causing him to be "emotionally injured by the threat of looming criminal proceedings and threat of such future incarceration of penalties." (*Id*. ¶¶ 28-33).

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting

4

*Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

Generally, a complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). However, an attorney, even one who has been disbarred, is not entitled to the "special solicitude" afforded to *pro se* litigants in construing the allegations of his pleading. *United States v. Pierce*, 649 F. App'x 117, 118 n.1 (2d Cir. 2016); *Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013); *Allegrino v. Ruskin Moscou Faltischek, P.C.*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-484-CV, 2021 WL 5500084 (2d Cir. Nov. 24, 2021). Plaintiff, a disbarred attorney, is not entitled to special solicitude in construing the allegations of the Second Amended Complaint. (Prior Order at 2 (citing *Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *3 (S.D.N.Y. June 10, 2022))).

## ANALYSIS

Defendant argues, *inter alia*, that the Second Amended Complaint fails to comply with the Prior Order in that Plaintiff does not adequately press claims for prospective injunctive relief against Defendant under *Ex parte Young*, 209 U.S. 123 (1908). The Court notes at the outset of this analysis that while this argument concerns the Court's subject-matter jurisdiction, Defendant did not move for dismissal under Rule 12(b)(1). (Doc. 39; *see generally* Def. Br.). Nonetheless, Federal Rule of Civil Procedure 12(h)(3) instructs that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court therefore considers the argument under its the inherent authority to evaluate the existence of subject-matter

jurisdiction under Rule 12(h)(3). *See* *Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021).

*Ex parte Young* is an exception to Eleventh Amendment immunity which permits a plaintiff to sue a state official acting in his or her official capacity for prospective, injunctive relief from violations of federal law. *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). The *Ex parte Young* doctrine is only applicable in cases in which the Plaintiff alleges "a violation of federal law by a state official [that] is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).

To determine whether the *Ex parte Young* doctrine permits a plaintiff to avoid an Eleventh Amendment immunity bar, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *City of Shelton v. Hughes*, 578 F. App'x 53, 55 (2d Cir. 2014) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). If a plaintiff fails to plead an ongoing violation of federal law, the Court may determine that the "[p]laintiff[']s claim for injunctive relief fails at the first step of this 'straightforward inquiry.'" *Pierre*, 2009 WL 1583475, at *18.

The "Introduction" to Plaintiff's operative pleading states that it seeks prospective declaratory relief against Defendant "to the extent that she is responsible for enforcing . . . state statutes alleged to be unconstitutional and injunctive relief to prevent future such prosecutions." (SAC at 1-2). The specific allegations contained in the Second Amended Complaint, however, do not support that conclusory statement. With respect to the constitutionality of CPL § 530.13—the statute at issue—Plaintiff alleges the statute is overbroad in that it fails to contain limiting

language of construction so as to protect his First and Fourteenth Amendment rights when it was employed for issuance of the 2016 OOP. (*See generally id.* ¶¶ 42-79). With respect to any threat of future prosecutions against him based upon the purportedly unconstitutional statute, Plaintiff alleges only that Defendant is vested "with overly broad discretion to decide when violations" of orders of protection issued pursuant to CPL § 530.13 occur, that his past conduct in filing lawsuits and mailing process to Ms. Duwe was protected by the First and Fourteenth Amendments, the 2016 OOP impermissibly infringed on those constitutional rights, and that Defendant's initiation of prosecution against him was objectively unreasonably and meant to harass and retaliate against him. (*Id.* ¶¶ 81-118).

While "[a]n allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation for the purposes of *Ex parte Young*," *Brown v. New York*, 975 F. Supp. 2d 209, 223 (N.D.N.Y. 2013), Plaintiff has not pled that Defendant will prosecute him for a violation of the 2016 OOP again in the future. Plaintiff does not allege that he intends to violate the 2016 OOP prior to its expiration, or that Defendant will be involved in any prosecution for any such violation. While Plaintiff contends in his opposition that in November 2022 he felt threatened that he might be subject to arrest when he attended certain court proceedings (Pl. Opp. ¶ 11), he does not explain for the basis for feeling threatened, does not indicate there was any attempt to arrest or prosecute him for such conduct, and does not suggest that Defendant was involved in any way. CPL § 530.13, the statutory authority for imposition of the 2016 OOP, empowers a court to issue a temporary order of protection; but nothing in that statute, in the Second Amended Complaint, or in Plaintiff's opposition to this motion indicates that Defendant enforces and will enforce such statute against Plaintiff. *See Chrysafis v. James*, 534 F. Supp. 3d 272, 287-88 (E.D.N.Y. 2021) (citing *Nassau &*

*Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 67-68 (E.D.N.Y. 2018) (finding that although the plaintiffs "alleged an ongoing violation of federal law and are seeking prospective relief[,] . . . there is an additional factor which must be satisfied in order for Plaintiffs' claim against the Individual Defendants to circumvent Eleventh Amendment immunity: the exception under *Ex parte Young* only applies where the official sued has some connection with the enforcement of the allegedly unconstitutional act.")).

In any event, the Second Amended Complaint focuses solely on past harm. A plaintiff who merely asserts he has suffered "discrete acts of past discrimination and retaliation by [a] defendant" has not demonstrated an ongoing constitutional violation. *Pierre v. New York State Dep't of Corr. Servs.*, No. 05-CV-00275, 2009 WL 1583475, at *18 (S.D.N.Y. June 1, 2009) (quoting *Pasternak v. Baines*, No. 00-CV-00369, 2006 WL 2570982, at *9 (W.D.N.Y. Sept. 5, 2006)). Plaintiff's failure to allege an ongoing violation of federal law is fatal to his claims.

Even if Plaintiff had alleged an ongoing violation of federal law, his claims would fail at the second step of the *Ex parte Young* inquiry. Plaintiff seeks the following relief: (i) nullification of the 2016 OOP on the grounds that CPL § 530.13 is ambiguous; (ii) nullification of the 2016 OOP on the grounds that it is violative of his First Amendment Rights; (iii) injunctive relief barring future arrest and/or prosecution via nullification of the 2016 OOP; (iv) nullification of the 2016 OOP and invalidation of CPL § 530.13; and (v) declaratory and injunctive relief recognizing a violation of Plaintiff's First Amendment rights occurred by curtailing his ability to file lawsuits and mail legal documents. (SAC ¶¶ 119-133).

"[Declaratory] relief will not satisfy the second prong of the *Ex parte Young* analysis when it would serve to declare only past actions in violation of federal law." *Brokamp v. James*, 573 F. Supp. 3d 696, 708 (N.D.N.Y. 2021), *aff'd*, 66 F.4th 374 (2d Cir. 2023). The only remedy

sought in the Second Amended Complaint that arguably seeks prospective relief is that which seeks to enjoin future arrests and prosecutions for any further violations of the 2016 OOP. Again, Plaintiff's claims that 2016 OOP violated his First and Fourteenth Amendment rights by purportedly impeding his ability to file a prior lawsuit and mail process to Ms. Duwe concern isolated incidents that occurred in the past. The Court finds that these isolated past incidents, in conjunction with conclusory language requesting injunctive relief in the form of "nullification" of the 2016 OOP, is insufficient for purposes of *Ex parte Young*. *See Pierre*, 2009 WL 1583475, at *18.

Accordingly, Plaintiff's claims are barred under the Eleventh Amendment and the Court lacks subject-matter jurisdiction over this action.[4]

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is GRANTED and Plaintiff's Second Amended Complaint is dismissed with prejudice. Plaintiff's claims are barred under the Eleventh Amendment and therefore any amendment would be futile. *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013). Furthermore, Plaintiff has already been given multiple opportunities to amend his pleading. Where a plaintiff has been given notice of deficiencies in his pleading and has "failed to take advantage of his opportunities to cure or attempt to cure them," leave to replead is likewise properly denied. *Elgalad v. New York City Dep't of Educ.*, No. 17-CV-04849, 2019 WL 4805669, at *10 (S.D.N.Y. Sept. 30, 2019).

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 39) and to close this case.

---

[4] Given the conclusions reached herein, the Court need not and does not reach Defendant's argument regarding the *Rooker-Feldman* doctrine.

**SO ORDERED:**

Dated:  White Plains, New York
          March 8, 2024

_____
Philip M. Halpern
United States District Judge