UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                Plaintiff,

-against-

BRITTNEY KESSEL,

                Defendant.

**ORDER**

22-CV-03774 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 8, 2024, the Court entered an Opinion and Order dismissing this action in its entirety under Federal Rule of Civil Procedure 12(b)(1). (Doc. 49).[1] The Clerk of the Court entered Judgment that same day and mailed to Plaintiff, along with a copy of the Opinion and Order and Judgment, a Notice of Right to Appeal. (Doc. 50; Doc. 50-1). The Notice of Right to Appeal advised Plaintiff, in pertinent part, as follows:

> [y]ou must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket . . . . If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment . . . and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

(Doc. 50-1 at 1).

On April 22, 2024, Plaintiff filed a Notice of Appeal seeking review of the Court's March 8, 2024 Opinion and Order. (Doc. 51). The Notice of Appeal stated: "PLEASE TAKE ADDITIONAL NOTICE that the above decisions were mailed to me therefore causing a delay in the paperwork receiving me. To the degree that this Notice of Appeal exceeds the statutory 30-day

---

[1] This decision is available on commercial databases. *See Kelsey v. Kessel*, No. 22-CV-03774, 2024 WL 1020522, at *1 (S.D.N.Y. Mar. 8, 2024).

period – should it be challenged – I seek an extension of time to file making it timely." (*Id*.). On August 5, 2024, the Second Circuit determined that "the notice of appeal was untimely filed" and directed this Court to consider whether Plaintiff's requested extension of the time to appeal should be granted. (Doc. 53).

On August 6, 2024, the Court directed (i) Plaintiff to, by August 13, 2024, file a brief providing the basis for his request to extend the time to file an appeal; and (ii) Defendant to, by August 20, 2024, file a brief in response. (Doc. 54). Defendant's brief in opposition was filed on August 20, 2024. (Doc. 56, "Def. Br."). Plaintiff's affirmation in response to the Court's August 6 Order was filed on August 22, 2024. (Doc. 59, "Pl. Br.").

For the reasons set forth below, Plaintiff's motion for extension of time to file the notice of appeal is GRANTED.

## **ANALYSIS**

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Rule 4, in turn, requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This Court may, however, extend a party's time to file a notice of appeal when:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

2

As to the first condition, judgment was entered on March 8, 2024 (Doc. 50) and Plaintiff's motion for an extension of time to appeal was filed on April 22, 2024 (Doc. 51).[2] *See Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987) ("[W]hile a 'motion' is required by the rule to request an extension of time, no particular form of words is necessary to render a filing a 'motion.' Any submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice."). Accordingly, the motion was made within the time prescribed by Rule 4(a).

As to the second condition, Plaintiff has sufficiently shown excusable neglect. "Factors to be considered in evaluating excusable neglect include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Cano v. SEIU, Loc. 32BJ*, No. 19-CV-08810, 2023 WL 6541773, at *2 (S.D.N.Y. Sept. 5, 2023) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). Here, the first two factors favor Plaintiff because the delay of fourteen days is minimal and unlikely to prejudice Defendant. Additionally, the Court has no reason to doubt Plaintiff's good faith. As to the third factor, to which the Court must give "dispositive weight," *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021), Plaintiff points to mailing delays, the special condition of supervised release resulting in his inability to access e-mail or the Internet without the probation officer's permission, and personal and family issues including his mother's period of

---

[2] Although dated April 13, 2024, Plaintiff's Notice of Appeal was received by the *Pro Se* Clerk's Office on April 22, 2024. (Doc. 51). Therefore, Plaintiff's Notice of Appeal was filed on April 22, 2024. *See Rosas v. Berry Plastics (Pliant LLC)*, 649 F. App'x 3, 4 (2d Cir. 2016) ("The date of mailing is irrelevant because filing is complete only when papers are delivered into the custody of the clerk.") (citing Fed. R. Civ. P. 5(d)(2)(A) ("A paper is filed by delivering it to the clerk[.]").

hospitalization. (Pl. Br. ¶¶ 7-10, 17-20). The Court finds Plaintiff's excuses reasonable and, in light of the minimal delay, concludes that Plaintiff's neglect is excusable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to file a notice of appeal is GRANTED.

The Second Circuit directed Plaintiff to "notify this Court of the district court's decision within 30 days of its entry on the district court docket." (Doc. 53). The Second Circuit further provided that "[i]f the district court grants an extension or reopening, the appeal will proceed in the ordinary course." (*Id*.).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
       September 12, 2024

_____
Philip M. Halpern
United States District Judge